# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MICHAEL WILLIAMSON, | CASE NO. 10cv2236-IEG(NLS) |
|---|---|
| Plaintiff, | Order Granting Defendant Vinyard's Motion for Summary Judgment |
| vs. | |
| CALIFORNIA HIGHWAY PATROL; TRAVIS GARROW; D. VINYARD, | |
| Defendants. | |

Plaintiff Michael Williamson brings this suit under 42 U.S.C. § 1983 alleging Defendant California Highway Patrol ("CHP") Officers Travis Garrow and Derek Vinyard violated his Fourth and Fourteenth Amendment rights. Plaintiff also asserts claims for negligence and "intentional tort." Presently before the Court is the motion for summary judgment filed by Defendant Vinyard. Following full briefing, the Court heard oral argument on the motion on Monday, April 9, 2012. Upon consideration, for the reasons explained, the Court GRANTS Officer Vinyard's motion

## *Factual Background*

At the time of the incident which forms the basis of this action, Plaintiff was a 57-year-old man who had recently suffered a stroke. Because of the stroke, Plaintiff had physical disabilities requiring him to use a cane.[1] On the evening of January 30, 2009, CHP Officers Garrow and

---

[1] Plaintiff did not file a declaration in opposition to the summary judgment motion, and there is no support in the deposition testimony or other evidence Plaintiff has lodged in support of his claim that he had physical disabilities requiring the use of a cane to support himself.

1  Vinyard were on duty, in uniform, and on patrol in a marked patrol car. [Declaration of Derek
2  Vinyard in Support of MSJ ("Vinyard Decl."), ¶ 3.] Shortly after 11:00 p.m., the officers received
3  a radio call from CHP dispatch reporting a motor vehicle accident in the parking lot of the
4  Denny's Restaurant on Camino Cañada, in El Cajon. [Id., ¶ 4.] The officers responded to the call,
5  and Officer Garrow made contact with Plaintiff, who was sitting the in the driver's seat of a
6  Toyota pickup truck in the parking lot. [Id., ¶ 5.] Officer Vinyard contacted the owner of the
7  parked vehicle Plaintiff reportedly struck. [Id.]

8  While Officer Vinyard spoke to the owner of the other vehicle and collected information
9  about her vehicle, Officer Garrow put Plaintiff through a series of field sobriety tests. [Id., ¶ 6.]
10 When Plaintiff failed the field sobriety tests, Officer Garrow told him he was being placed under
11 arrest. [Id.; Deposition of Michael Williamson ("Williamson Depo."), Exhibit B to Plaintiff's
12 Opposition, at 61:4-23.] Officer Garrow told Plaintiff to turn around, and then instructed him to
13 put his cane down. [Williamson Depo., at 67:2-25.] Plaintiff told Officer Garrow he could not put
14 down the cane[2], but Officer Garrow told him again to put it down. [Id. at 67:25-68:3; 79:17-19
15 (Officer Garrow told him twice to put down the cane).] When Plaintiff did not put the cane down,
16 Officer Garrow kicked it out from underneath him, causing him to fall. [Id. at 68:4-6.]

17 At the time of the interaction between Plaintiff and Officer Garrow, Officer Vinyard was
18 standing next to Plaintiff's truck, preparing a vehicle inventory form. [Vinyard Decl., ¶ 7.] Officer
19 Vinyard overheard Officer Garrow instruct Plaintiff several times to drop the walking cane that
20 was in his right hand. Officer Vinyard then turned his attention toward Officer Garrow and
21 Plaintiff when he heard Officer Garrow repeat the instruction to drop the cane. [Vinyard Decl.,
22 ¶¶ 8-9.] Out of concern for Officer Garrow's safety, Officer Vinyard started walking toward
23 Plaintiff and Officer Garrow to offer assistance. [Vinyard Decl., ¶ 9.] After taking just a few steps,
24 when he was between 10 to 15 feet away, Officer Vinyard saw Plaintiff bend forward at the waist

---

Nonetheless, the Court accepts this assertion for purposes of the current motion.

[2]In his opposition, Plaintiff states he told Officer Garrow he could not drop his cane because he needed the cane for balance and if he put his hands behind his back he would fall. [Opposition, p. 3, lines 10-11.] Plaintiff cites no evidence in support of this assertion, and in his deposition he testified he gave Officer Garrow no explanation other than to tell him he was not giving up the cane. [Williamson Depo. at 79:2-4.]

and fall to the ground. [Vinyard Decl., ¶ 10 (stating he was 15 feet away when Plaintiff fell); Traffic Collision Report, Narrative/Supplemental, p. 7 of 9 (unsworn narrative of Officer Garrow stating that Officer Vinyard was approximately 10 feet away when Plaintiff fell to the ground); Williamson Depo. at 69:9-14 (stating Plaintiff does not know where Officer Vinyard was).] Officer Garrow, who was behind Plaintiff at the time, also fell to the ground. [Vinyard Decl., ¶ 10.]

Officer Vinyard immediately assisted Officer Garrow in lifting Plaintiff to his feet and placing him in handcuffs.[3] [Vinyard Decl., ¶ 11.] Plaintiff did not believe he was injured when he was on the ground, when he was helped up by the officers, or when he was placed in the patrol car. [Williamson Depo. at 86:8-19.] However, Plaintiff in fact suffered a fracture of his left arm.

### *Procedural History*

Plaintiff filed his complaint in San Diego County Superior Court, and Defendants removed the action. There have been no prior motions filed in the case. Discovery is closed and the pretrial conference is scheduled for July 9, 2012.

### *Legal Standard*

Summary judgment is proper where the pleadings and materials demonstrate "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A material issue of fact is a question a trier of fact must answer to determine the rights of the parties under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The court must review the record as a whole and draw all reasonable inferences in favor of the non-moving party. Hernandez v. Spacelabs Med. Inc., 343 F.3d 1107, 1112 (9th Cir. 2003). However, unsupported conjecture or conclusory statements are insufficient to defeat summary judgment. Id.; Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1103 (9th Cir. 2008).

---

[3] In his opposition, Plaintiff states he was "picked up by the arms and shoulders which caused Williamson to experience additional excruciating pain." [Opposition, p. 3, lines 21-22.] Plaintiff provides no evidence to support this statement, and at his deposition Plaintiff stated both officers "helped me up" and their conduct was "appropriate." [Williamson Depo. at 82:21-25.]

*Discussion*

*1.    Claim under 42 U.S.C. § 1983*

Defendant Vinyard moves for summary judgment on Plaintiff's § 1983 claim against him, arguing he was a "mere bystander" and not an "integral participant" in the alleged constitutional violation. Plaintiff asserts Officer Vinyard violated his rights when he failed to take reasonable steps to intervene and protect him from Officer Garrow.

A use of force violates the Fourth Amendment where "it is excessive under objective standards of reasonableness." Tekle v. United States, 511 F.3d 839, 844 (9th Cir. 2007) (quoting Saucier v. Katz, 533 U.S. 194, 202 (2001)). The court looks first at the severity of the force applied. Id. (citing Drummond ex rel. Drummond v. City of Anaheim, 343 F.3d 1052, 1056 (9th Cir. 2003)). Secondly, and most importantly, the court looks at the need for the force taking into account "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).

Police officers have a "duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000). However, an officer cannot be held liable for failing to intercede unless he had an opportunity to do so. Id. "An officer's liability under section 1983 is predicated on his 'integral participation' in the alleged violation." Blankenhorn v. City of Orange, 485 F.3d 463, 481 n.12 (9th Cir. 2007) (quoting Chuman v. Wright, 76 F.3d 292, 294-95 (9th Cir. 1996)). The officer's actions themselves need not rise to the level of a constitutional violation, but the officer must have had some "fundamental involvement" in the conduct that allegedly caused the violation. Id. (citing Boyd v. Benton County, 374 F.3d 773, 780 (9th Cir. 2004)). A police officer who is a "mere bystander" to his colleague's conduct is not liable for the violation under § 1983. Chuman, 76 F.3d at 295.

The case law helps to differentiate between officers who are "integral participants" and those who are "mere bystanders." In Blankenhorn, officers who arrived on the scene after the arrest was complete, and who at most provided crowd control, "did not participate in any integral

way in the arrest" and therefore were not liable. 485 F.3d at 481 n.12. By contrast, the officer who helped handcuff the prone plaintiff using ripp-hobbles, could be liable as a "meaningful participant" in the arrest despite the fact plaintiff did not show the officer himself used excessive force. Id. In addition, the officer who ordered the use of hobble restraints, and the officer who tackled the plaintiff when he resisted those restraints, both "participated in an integral way" and could be held liable for the particular alleged use of excessive force. Id.

In Boyd, one officer deployed a "flash-bang" device while several other officers stood armed behind him. 374 F.3d at 780. The use of the device was part of the overall search operation, in which every officer participated in some meaningful way, and every officer was aware of the decision to use the flash-bang device, did not object to it, and participated in the operation knowing it would be utilized. Under such circumstances, each officer could be held liable under § 1983. Id. By contrast, in Torres v. City of Los Angeles, an officer who was not present when plaintiff was arrested, who did not instruct the other detectives to arrest plaintiff or have any other involvement, could not be held liable as an "integral participant" in the violation. 548 F.3d 1197, 1206 (9th Cir. 2008); see also Motley v. Parks, 432 F.3d 1072, 1082 (9th Cir. 2005) (affirming summary judgment in favor of ATF agent who was not present and did not participate in the allegedly unconstitutional search); Hopkins v. Bonvicino, 573 F.3d 752, 771 (9th Cir. 2009) ("it is clear that an officer who waits in the front yard interviewing a witness and does not participate in the unconstitutional search in any fashion cannot be held liable.")

Here, Plaintiff argues Officer Vinyard was close enough to hear Officer Garrow tell Plaintiff he was being placed under arrest. Plaintiff then implies Officer Vinyard would have been able to hear him tell Officer Garrow he could not drop his cane because he needed it for balance. [Opposition, p. 3, lines 10-11.] Based thereon, Plaintiff argues

> Vinyard took no action to assist Officer Garrow ... Rather than seeking assistance from CHP Vinyard to handcuff or otherwise secure Williamson for transportation, Officer Garrow kicked the cane away from Williamson resulting in Williamson falling and slamming forcefully into the pavement .... *It is clear that Officer Garrow was making various commands to Plaintiff all within earshot of Vinyard who was within 10 or 20 feet away of Officer Garrow.*

[Opposition, p. 3, lines 11-20 (emphasis in original).] Plaintiff also alleges "Officer Vinyard was the supervising CHP Officer at the scene and failed to control and/or properly supervise Officer

Garrow in his contact with Williamson." Finally, Plaintiff argues Officer Vinyard can be held liable because he owed Plaintiff a duty to intervene:

> Officer Vinyard was more than near enough to observe that Plaintiff performed all tests with his cane in hand. That fact alone would have alerted any reasonable officer or person that special attention must be given to an individual with disabilities, whether suspected of a DUI or not, therefore Vinyard's business as usual approach to this specific incident was unreasonable and Plaintiff contends that Vinyard was aware of the special circumstances. There would be no other person *other* than Vinyard who would have stepped in and assisted Garrow, and more importantly, stood up for [Plaintiff] while at the complete control and behest of Officer Garrow in the face of a clearly disabled and immobile suspect. Vinyard did in fact owe a duty to Plaintiff to intervene in Garrow's unreasonable and unconstitutional forcing of field sobriety test and arrest attempt.

[Opposition, p. 9, lines 11-21.]

Considering the undisputed facts in this case, the Court finds no reasonable jury could conclude Officer Vinyard was an "integral participant" in the alleged constitutional violation. There is no evidence to suggest Officer Vinyard knew or could have known that Officer Garrow would kick Plaintiff's cane out from under him. For example, there were no discussions between the two officers and Officer Vinyard never suggested to Officer Garrow that he take more aggressive action to effect Plaintiff's arrest. Plaintiff did not depose the Officers, and there is no evidence Officer Vinyard heard Plaintiff tell Officer Garrow he needed the cane for balance.[4] But even if Officer Vinyard heard that comment, there is no reason Officer Vinyard would have suspected Officer Garrow would kick Plaintiff's cane out from under him. Plaintiff testified at his deposition that Officer Garrow told him only twice to drop the cane. There is no evidence that there was an escalating verbal exchange which should have alerted Officer Vinyard there was a need to intervene. Plaintiff suggests Officer Vinyard had a duty on account of Plaintiff's disability to intervene to stop Officer Garrow from conducting a field sobriety test and arresting him for driving under the influence. However, Plaintiff has cited no authority suggesting that law enforcement officers are prohibited from administering a field sobriety test or arresting an intoxicated individual because he is disabled.

---

[4] As noted above, Plaintiff states in his opposition brief that he told Officer Garrow he needed the cane for balance, but he has provided no declaration regarding that fact. In his deposition, Plaintiff stated he merely told Officer Garrow he would not give up the cane, without any further explanation.

Plaintiff, in his opposition, cites two out-of-circuit cases which he says stand for the proposition that Officer Vinyard can be held liable for the alleged excessive use of force by Officer Garrow by virtue of the fact he was present at the scene, regardless of whether he participated in any way. In <u>Bruner v. Dunaway</u>, 684 F.2d 422, 425 (6th Cir. 1982), the court stated that the plaintiff need not show the individual defendant engaged in conduct violating plaintiff's constitutional rights, but nonetheless affirmed the trial court's order granting defendants' motion for new trial, finding those officers did not personally participate in the alleged wrongful behavior. In <u>Byrd v. Brishke</u>, 466 F.2d 6, 10-11 (7th Cir. 1972), the plaintiff was beaten by certain unknown officers in the presence of the defendants.  The court held that plaintiff was entitled to have his case submitted to the jury notwithstanding the fact he could not prove how the individual defendants participated in the alleged beating. A fair reading of both of these cases reflect the same theory of liability discussed above in controlling Ninth Circuit authority – that an officer who is merely present is not liable for another officer's excessive use of force.  Nonetheless, to the extent these cases can be read to support liability against a defendant who is merely present, and not an "integral participant" in the alleged wrongful activity, they are contrary to the established Ninth Circuit authority discussed above.  Plaintiff has failed to present a genuine issue of material fact, and Defendant Vinyard is entitled to judgment as a matter of law on Plaintiff's Fourth Amendment claim against him under 42 U.S.C. § 1983.

Even assuming Plaintiff has stated sufficient facts to establish Officer Vinyard violated his constitutional rights, Officer Vinyard is entitled to qualified immunity.  Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known'."  <u>Mattos v. Agarano</u>, 661 F.3d 433, 440 (9th Cir. 2011) (quoting <u>Pearson v. Callahan</u>, 555 U.S. 223 (2009)).  Qualified immunity is appropriate when a "reasonable official could have believed the conduct was lawful."  <u>Robinson v. Solano County</u>, 278 F.3d 1007, 1012 (9th Cir. 2002). At the second step of the qualified immunity analysis – whether the constitutional right was clearly established at the time of the conduct – the pertinent inquiry is whether the contours of the right were "'sufficiently clear' that 'every reasonable official would have understood that what

1  he is doing violates that right'." Mattos, 661 F.3d at 442 (quoting Ashcroft v. al-Kidd, 131 S. Ct.
2  2074, 2083 (2011)). In determining whether an officer is entitled to qualified immunity, the court
3  applies a reasonableness standard which is distinct from the underlying standard of reasonableness
4  embodied in the Fourth Amendment. Hopkins, 573 F.3d at 771.

5       The question on qualified immunity, therefore, is whether a reasonable person in Officer
6  Vinyard's position would have understood that his failure to intervene in Officer Garrow's
7  interaction with Plaintiff could result in a violation of Plaintiff's Fourth Amendment rights. As
8  noted above, there is no evidence that Officers Garrow and Vinyard discussed how to handle the
9  administration of Plaintiff's field sobriety test and subsequent arrest. Officer Vinyard had no
10 contact with Plaintiff until after he had fallen to the ground. At most, Plaintiff has established that
11 Officer Vinyard overheard Officer Garrow's instructions to him to put down his cane, and
12 Plaintiff's statements in response refusing to do so. A reasonable officer could not have
13 anticipated Officer Garrow would react by kicking Plaintiff's cane out from underneath him,
14 causing him to fall to the ground. Thus, even assuming Plaintiff has demonstrated Officer Vinyard
15 violated his constitutional rights, Officer Vinyard is entitled to qualified immunity on Plaintiff's
16 claim under 42 U.S.C. § 1983.

17 2.    *Tort claims*

18      Defendant Vinyard also moves for summary judgment on Plaintiff's state law claims of
19 negligence and intentional tort. Plaintiff, in his opposition, did not address these claims.

20     a.    *Negligence*

21      To prevail on his negligence claim, Plaintiff must establish (1) a legal duty to use due care,
22 (2) a breach of that duty, and (3) injury that was proximately caused by the breach. Ladd v.
23 County of San Mateo, 12 Cal. 4th 913, 917 (1996). Where a legal duty is not created by statute, the
24 question of whether a legal duty exists is analyzed under general principles of tort law." Munoz v.
25 City of Union City, 120 Cal. App. 4th 1077, 1093 (2004). As a general principle, an individual has
26 no duty to come to the aid of another. Stout v. City of Porterville, 148 Cal. App. 3d 937, 945
27 (1983). In addition, California public employees cannot be held vicariously liable for an injury
28 caused by the actions of another. Cal. Gov. Code § 820.8. In order to establish Officer Vinyard's

liability for negligence relating to the actions of Officer Garrow, Plaintiff must demonstrate "the officer took affirmative action which contributed to, increased, or changed the risk which would have otherwise existed" or alternatively establish "the requisite factors to a finding of special relationship ...." Stout, 148 Cal. App. 3d at 945; see also Williams v. State of California, 34 Cal. 3d 18, 27 (1983) (because officers had not created the peril of harm to plaintiff, they were under no duty to take affirmative action to prevent harm in the absence of a special relationship).

Here, Plaintiff establishes no basis upon which Officer Vinyard had a duty to intervene to prevent Officer Garrow from causing him harm. Officer Vinyard took no affirmative action which caused or contributed to Plaintiff's risk of injury prior to or during his arrest, or before Plaintiff fell to the ground. The only affirmative action Officer Vinyard took during the entire interaction was to help Plaintiff get up from the ground. Plaintiff has failed to establish Officer Vinyard had a legal duty to take any particular action, or that he breached that duty. Therefore, the Court GRANTS summary judgment on Plaintiff's negligence claim against Officer Vinyard.

    b.    *Intentional tort*

The elements of a civil battery claim under California law are: (1) the defendant intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person, (2) plaintiff did not consent to the contact, and (3) the harmful or offensive contact caused injury, damage, loss or harm to plaintiff. Piedra v. Dugan, 123 Cal. App. 4th 1483, 1495 (2004). A claim of battery against a police officer requires the plaintiff to prove the officer's use of force was unreasonable. Munoz, 120 Cal. App. 4th at 1102. Battery claims arising out of the excessive use of force in the course of an arrest are analyzed under the same reasonableness standard imposed by the Fourth Amendment. Id. "The question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. (quoting Graham, 490 U.S. at 396-97).

Here, Officer Vinyard did not make any contact with Plaintiff until after he had fallen to the ground, and then only to assist Officer Garrow in getting Plaintiff to his feet. There is no evidence to support Plaintiff's conclusory statement in his opposition brief that the officers "picked him up by his arms and shoulders" causing him "excruciating pain." Plaintiff has

1  submitted no declaration, and in his deposition he characterized the officers' actions in helping
2  him up as "appropriate." [Williamson Depo. at 82:20-83:1.] Based thereon, the Court GRANTS
3  summary judgment on Plaintiff's intentional tort claim against Officer Vinyard

### *Conclusion*

For the reasons set forth herein, the Court GRANTS Defendant Vinyard's motion for summary judgment, and DISMISSES all of Plaintiff's claims against Defendant Vinyard.

**IT IS SO ORDERED**.

**DATED:  April 17, 2012**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**